# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH  JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | CASE NO.<br>21-189074-NO |

Court address: 1200 N. Telegraph Road, Pontiac, MI 48341  
Court telephone no.: 248-858-0344

| Plaintiff's name(s), address(es), and telephone no(s).<br>MICHAEL BACKALUKAS | | Defendant's name(s), address(es), and telephone no(s).<br>MENARD, INC., d/b/a MENARDS, a foreign corporation and JOHN DOE, Employee of MENARD, INC., Jointly and Severally |
|---|---|---|
| This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. | v | |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Robert Gittleman (P14025)<br>Robert Gittleman Law Firm, PLC<br>31731 Northwestern Hwy., Ste. 101E<br>Farmington Hills, MI 48334<br>(248) 737-3600 | | MENDARD, INC.<br>c/o Resident Agent:<br>United States Corporation Company<br>2900 W. Road, Ste. 500<br>E. Lansing, MI 48823 |

*Received for Filing Oakland County Clerk 7/20/2021 11:05 AM*
*FILED*

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).**
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/20/2021 | Expiration date*<br>OCT 19 2021 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**PROOF OF SERVICE**

**SUMMONS** Case No. 21-189074-NO

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☑ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☑ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| MENDARD, INC. | c/o Resident Agent: United States Corporation Company 2900 West Road, Ste. 500, E. Lansing, MI 48823 | 7/21/21 |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MICHAEL BACKALUKAS,

    Plaintiff,

vs.

MENARD, INC., d/b/a MENARDS
a foreign corporation and JOHN DOE,
employee of MENARD, INC.,
Jointly and Severally,

    Defendant.

2021-189074-NO

2021-      -NO
HON: JUDGE PHYLLIS C. MCMILLEN

---

Robert Gittleman (P14025)
**ROBERT GITTLEMAN LAW FIRM, PLLC**
Attorney for Plaintiff
31731 Northwestern Hwy, Ste. 101E
Farmington Hills, MI 48334
(248) 737-3600
info@gittlemanlawfirm.com

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this Complaint.

/s/ Robert Gittleman

## **COMPLAINT**

NOW COMES, Plaintiff, MICHAEL BACKALUKAS, by his attorney, ROBERT GITTLEMAN LAW FIRM, PLC., and for his Complaint against Defendant, MENARD, INC., d/b/a MENARDS, a foreign corporation, respectfully represents unto this Honorable Court as follows:

FILED   Received for Filing   Oakland County Clerk   7/19/2021 10:12 AM

1

1. The Plaintiff, MICHAEL BACKALUKAS, is a resident of the City of Waterford, County of Oakland, State of Michigan.

2. The Defendant, MENARD, INC., d/b/a MENARDS, is a foreign company, and does business as selling goods in the City of Bloomfield Hills, County of Oakland, State of Michigan.

3. The Defendant, JOHN DOE, was the employee of Defendant MENARD, INC., d/b/a MENARDS, a foreign company.

4. The amount in controversy exceeds the sum of twenty-five thousand ($25,000.00) dollars and is otherwise within the jurisdiction of this Honorable Court.

5. On information and belief, on or about May 27, 2021, Plaintiff was an invitee on Defendant's premises, the invitor, in the City of Bloomfield Hills, County of Oakland, State of Michigan on Defendant premises at 1901 S. Telegraph Road, City of Bloomfield Hills, County of Oakland, State of Michigan.

6. On the aforementioned date, Plaintiff entered Defendant' premises for the purpose of buying goods, products, materials for a tub and shower enclosure.

7. On all material times herein, Defendant Mendard, Inc. is vicariously liable for its agents, employees and representative including John Doe herein.

8. On the aforementioned date, the materials or goods Plaintiff wanted to buy were too high on a shelf for Plaintiff to retrieve, therefore received assistance from an employee of Defendant. On information and belief, the employee was named Robert who was the manager of Defendant.

9. Defendant's employee climbed up a movable ladder or other scaffolding to retrieve the materials for Plaintiff, but while Defendant's employee was retrieving the

2

materials/tub/shower, he negligently and mistakenly dropped the large cardboard box enclosing the materials weighing at least 75 pounds on Plaintiff striking Plaintiff causing injuries.

10. Plaintiff was not negligent or comparatively negligent.

11. The Defendants owed duties of reasonable care and caution to the public in general, and specifically to Plaintiff, a business invitee, to provide reasonably safe premises to persons lawfully on Defendant's property; but breached said duties in at least one or more of the following particulars as is presently known to Plaintiffs:

   a. Failing to look for defects or defective conditions, which may have existed which could have contributed to dropping of materials on Plaintiff;

   b. Failing to recognize the existence of defects or defective conditions that existed which may have contributed to dropping of materials on Plaintiff;

   c. Failing to make reasonably prompt repairs of defects or defective conditions that existed which may have contributed to dropping of materials on Plaintiff;

   d. Failing to warn customers of the existence of defects or defective conditions that existed;

   e. Failing to develop, implement, or maintain procedures for the inspection of the premises to look for the existence of defects or defective conditions;

   f. Failing to reasonbly supervise any procedures for the inspection of the premises;

   g. Failing to designate at least one person to be responsible for the inspection of the premises, or to provide any repairs to correct defects or defective conditions;

3

h. Failing to hold a person accountable for the maintenance of the premises, and/or for the correction of any defects or defective conditions that then existed;

i. Failing to hold a person accountable for the providing of notice of defects or defective conditions to customers and failing to maintain/provide proper written and/or oral protocols in place when retrieving items high up to ensure the area below is clear of customers/employees/other persons so that if an item fell or was dropped, the item would not strike anyone below;

j. Failing to provide adequate lighting to enable people to see defects which were otherwise not readily visible to casual inspection, especially in the context of competing with other foreseeable activities occurring on the property which would draw attention away from such defects;

k. Committing specific acts of negligence, including, but not limited to: Defendant's employee dropping item striking Plaintiff; negligently picking up, maneuvering and/or holding the item that was too heavy for one person to maneuver; item negligently slipping out of his hand; trying to pick up, maneuver or retrieve an item too heavy for one person; failing to use more than one person to retrieve the item that was heavy and/or too high for one person to lift safely; failing to direct the customer Plaintiff to not stand underneath the area or near the area where the item would be retrieved; retrieving the item unsafely; retrieving the item when the customer-Plaintiff was so close he would be struck by a falling object; failing to use due and care and caution while lifting/maneuvering the item; failing to follow proper protocol for retrieving a heavy item that was high; negligently permitting the item to fall off shelf striking Plaintiff.

4

12. Plaintiff specifically reserves the right to supplement allegation/paragraph 10 with the results of pre-trial discovery, and performing other acts of negligence not yet known by Plaintiff but which will be ascertained during the discovery of said litigation.

13. Defendants violated their duty to provide a safe place for invitees such as Plaintiff and other similarly situated, and to exercise due care in the operation and maintenance of said premises to prevent injury to its invitees.

14. Defendants had a duty to Plaintiff-invitee and other patrons of Defendant's premises, as invitees, to inspect for dangerous conditions, and to warn patrons of dangerous conditions which it knew or should have known but failed to maintain and/or inspect it's premises, and warn of dangerous conditions, and in fact, created dangerous conditions by not ensuring Plaintiff-invitee was out of danger from an item falling and striking him from above. Defendants failed to take precautionary measures to correct and/or alleviate the unsafe condition created by the placement of the item and Defendant employee dropping the item striking Plaintiff and/or the item falling off the shelf.

15. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained bodily injuries, including but not limited to injuries to the soft and hard tissues of the head and body, which were painful, disabling, necessitated medical care, and possible meniscectomy surgery and which seriously impaired bodily functions and caused serious permanent injuries and/or permanent scarring to the knee. In addition, Plaintiff suffered shock and emotional damage, humiliation, embarrassment, possible aggravation of pre-existing conditions or reactivation of dormant conditions, and Plaintiff was unable to attend her usual affairs, render services as formerly done, and hampered Plaintiff's enjoyment of normal pursuit of life as before. Said injuries are permanent to the degree that Plaintiff will

never again enjoy the same state of well-being as before the accident, and will continue to suffer said pain, and lost wages and/or loss of earning capacity, and medical bills and/or prescription bills.

16. Should it be determined at the time of trial that Plaintiff was suffering from any preexisting condition at the time of the aforesaid incident, then, in such event, it is averred that the negligence of the Defendant(s) precipitated, exacerbated, and aggravated any such preexisting conditions.

WHEREFORE, Plaintiff demands Judgment against the Defendants in whatever amount greater than $25,000 the trier of fact deems Plaintiff to be entitled, plus costs, interest and attorney fees so wrongfully sustained.

Respectfully submitted,

**ROBERT GITTLEMAN LAW FIRM, PLC.**

/s/ Robert Gittleman (P14025)
Attorney for Plaintiff
31731 Northwestern Hwy., Ste. 101E
Farmington Hills, Michigan 48334
(248) 737-3600
info@gittlemanlawfirm.com

DATED: July 16, 2021